UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| PETCO PETROLEUM CORP. and BERGMAN PETROLEUM CORP., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) | Case No. 03-cv-4086-JPG |
| | ) | |
| NATURAL GAS PIPELINE COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**AGREED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIAL**

This Protective Order shall govern all proceedings in this action.

1. Any party or any third party subject to discovery, subpoena, or testimony in this proceeding may designate as "Confidential" any documents, testimony, material, or portions thereof that contain "a trade secret, or other confidential research, development, or commercial information," the disclosure of which would tend to cause substantial and defined harm to the responding party's legitimate business interests. "Confidential" material, as used in this Order, shall refer to any so designated document, testimony, or other material and all copies hereof and shall also refer to the information contained in those materials. Designation of any document, information, or material as "Confidential" constitutes the verification of counsel for the party producing the documents that the documents were reviewed for compliance with the criteria of this protective order, and that the designation of "Confidential" was, in the good faith judgment of counsel, consistent with the terms of this Protective Order, as well as Rule 26(c)(7) of the Federal Rules of Civil Procedure.

2. Any material designated as confidential shall be conspicuously marked as confidential.

3. Material designated "Confidential" shall be maintained in confidence by the party to whom those materials are produced or given, and shall not be disclosed to any person except:

   a. the Court and its officers;

   b. counsel of record, employees and consultants of counsel of record, and officers of the named party corporations;

   c. subject to the notice requirements of paragraph 4 below, employees of a party assigned to assist in this litigation, provided that those persons have signed an undertaking in the form of Exhibit A hereto;

   d. copying services or other support personnel engaged by counsel to assist in this litigation, provided that those persons have signed an undertaking in the form of Exhibit A hereto; or

   e. subject to the notice requirements of paragraph 4 below, witnesses,

interviewees, and deponents.

4. Before the disclosure of "Confidential" material to any person pursuant to paragraph 3c or 3e, the party wishing to make this disclosure shall notify the designating party in writing, identifying the person. Unless the designating party objects, in writing, within five business days of receipt of notice, disclosure may be made. No objection shall be interposed except in good faith. Nothing in this Order shall be construed to require advance notice of the use of any protected material at a deposition or court proceeding.

5. Documents and information designated as confidential shall be used solely for the prosecution or defense of this action.

6. All "Confidential" material shall be stored under the direct control of counsel of record who shall be responsible for preventing any disclosure thereof, except in accordance with the terms of this Order.

7. All deposition testimony and exhibits shall be treated as Confidential for a period of five business days after receipt of the transcript; after five days, the testimony and exhibits shall be deemed not confidential unless and to the extent that a specific designation is made in writing. Nothing in this Order shall restrict a deponent or his counsel from reviewing his own testimony. Testimony given at a deposition or hearing may also be so designated by an appropriate statement at the time of the giving of such testimony.

8. Any designation that is inadvertently omitted during document production or deposition testimony may be corrected by written notification to opposing counsel. After this notification, counsel will use best efforts to affix the appropriate designation on all copies of the material and retrieve any copies of material disclosed to persons not entitled to see that material under the terms of this Order. The disclosure of material before notification shall not be deemed a violation of this Order.

9. Furthermore, if any material designated confidential or the contents thereof is inadvertently disclosed to any person not authorized to have access thereto, the person responsible for the inadvertent disclosure shall notify the designating party and its counsel of record in writing. Such notice shall be sent within three days after the inadvertent disclosure is discovered, and shall identify by name, address, and telephone number and employer, each unauthorized person to whom disclosure was made, the date of such disclosure, and the circumstance surrounding it.

10. Where only a portion of a document is properly considered "Confidential," counsel making the designation must also provide a copy of the document with the material deemed "Confidential" redacted. Thereafter, opposing counsel may utilize the redacted copy in place of the designated copy as not to be bound by the terms of this Order.

11. At the conclusion of this case, all Protected Material produced by a party and all copies thereof shall be returned to that party.

12. Nothing in this Order shall be taken as indicating that any materials are in fact entitled to "Confidential" treatment. Any party may challenge any designation as such, or any other restriction imposed by this Order. Except as otherwise provided in this Order, any such dispute shall, in the first instance, be addressed between counsel. If, after a good faith attempt to resolve differences, the parties are unable mutually to agree, any party may seek an order of Court modifying the designation or any other provision of this Order.

13. The restrictions set forth in the preceding paragraphs shall not apply to information

\\PRO\313921.1

or material that:

    a.    is lawfully acquired by the non-designating party from a third party having the right to disclose that information or material; or

    b.    was lawfully possessed by the non-designating party before entry of this Order.

DATED: July 14, 2005.

        SO ORDERED:

*s/Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| PETCO PETROLEUM CORP. and BERGMAN PETROLEUM CORP., Plaintiffs, v. NATURAL GAS PIPELINE COMPANY OF AMERICA, Defendant. | ) ) ) ) ) ) ) ) ) ) | Case No. 03-cv-4086-JPG |
|---|---|---|

## UNDERTAKING CONCERNING CONFIDENTIAL
## MATERIAL COVERED BY PROTECTIVE ORDER

    The undersigned hereby acknowledges that they have read the Protective Order dated July 14, 2005, and entered in the District Court of the Southern District of Illinois, in Petco Petroleum Corp., and Bergman Petroleum Corp. v. Natural Gas Pipeline Company of America, Case No. 03-cv-4086, that they understand the terms thereof, and that they agree to be bound by those terms. Without limiting the generality of the foregoing, the undersigned acknowledges that they are being granted access to confidential materials solely to assist in the prosecution or defense of this specific litigation and that any other use of the information contained in those materials is a violation of this Order that may be punished as a contempt of court.

    Dated: _____

_____
Signature

*Exhibit A*